### Case No. 12,116.

#### RUGGLES v. EDDY et al.

[2 Ban. & A. 627;[1] 12 O. G. 716.]

Circuit Court, N. D. New York. June, 1877.

PATENTS—TAKING ACCOUNT—EXTENT OF INFRINGEMENT—PROFITS.

1. Upon an accounting before a master, the extent of the monopoly must first be correctly defined, then the extent of the infringement ascertained, and from that basis the consequent profits or damages found.

[Cited in Westcott v. Rude, 19 Fed. 834.]

2. Where the decree established fully the validity of the patent in all its parts, and the master, placing too limited a construction upon the patent, found the extent of the infringement to be a small part only of the infringing article, because he considered the monopoly to be of that part only, the case was referred back to the master for further proofs.

3. If the whole of an article infringes, then the whole profits from its manufacture and sale are profits of the infringement.

[This was a bill in equity by Horace M. Ruggles against Charles Eddy and Jacob Shaver for the infringement of letters patent No. 3,876, granted to Henry Stanley, January 4, 1845. A decree had been entered for plaintiff for an injunction and an account, with a reference to a master (Case No. 12,-117), and the cause is now heard on exceptions to the master's report.]

H. M. Ruggles, for complainant.

Esek Cowen, for defendants.

WHEELER, District Judge. Upon the hearing in this cause, on the master's report therein, exceptions of the orator thereto, and argument of counsel, it seems to me that the master has placed too narrow a construction upon the orator's patent, and has left the case differently from what he would if he had placed what seems to be the proper construction upon it. The decree heretofore made in the cause has, of course, established fully the validity of the patent, whatever it was, in all its parts, and, since that, the extent of it has not been open to be varied by proof, or to be affected in that way, further than to apply its specifications and descriptions to the subjects of it. The extent of it, as gathered from the schedule annexed to the letters, is that of a monopoly of the com-

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

bination and arrangement of cylinders, chambers, cornices, partitions and flues into a stove in two stories, according to the plan of the inventor set forth, as a whole, and not merely that of a monopoly over any of the parts separately, or any combination or arrangement of any number of them less than all together. The master appears to have construed it as applying only to some of the several parts that are new, and to the arrangement or combination of these new parts. This is materially different from the extent of the patent as it appears to me to be, and so the basis on which he has proceeded would seem to be erroneous. The extent of the monopoly must first be correctly defined, then the extent of the infringement ascertained, and from that basis the consequent profits or damages found. Here, the monopoly is of the combination of those several parts, old or new, into that style of stove, and not merely of the new parts, and the infringement was of that combination as a whole, whatever the extent of the infringement may have been. The extent of the infringement was a fact to be found by the master from the pleadings and proofs before him, and he has, necessarily, found it to be of a small part only of the stove, because he considered the monopoly to be of a small part only of the stove. Had he considered the patent to be as extensive as it is now considered to be, as stated, he must have found the infringement much larger than he did, and might have found the whole of the defendants' stove to have been such, according to his views of the proofs. If he had found the whole stove to be an infringement, the whole profits would have been the profits of the infringement. If not, he might be able to find the profits accruing from the infringement ascertained on this basis. although he could not on the basis he took. The fourth and fifth exceptions raise this question, and as the decision of it by the master according to these views might, on the evidence before him, have led him to a different and further result, the case must go back to him for further examination and report.

On account of the construction put upon the patent by the master, the parties may have varied their proofs from what they would otherwise have produced, although it does not appear that they have; and it may be necessary, in order to do full justice, to take further proofs. And it may save future expense, in case the master shall find the infringement to be less than the whole stove, to report the whole profits, as well as the profits of the infringement he finds.

The case is, therefore, referred back to the Hon. Charles Mason, master, for further examination upon the pleadings and proofs already taken before him, and such further evidence as may be offered by the parties and admitted by him, and for further report of the profits or damages on account of such infringement as he shall find of the orator's patent according to the foregoing views of its extent, and the whole profits of the ten thousand and ninety-seven stoves mentioned in the answer of the defendants, in case the profits on account of the infringement found by him shall be less than the whole profits, to be proceeded with pursuant to the decretal order filed in this cause on the 22d day of June, 1872.