GREENLEAF (STUART v.). See Case No. 13,555.

———

## Case No. 5,783.

GREENLEAF v. YALE LOCK MANUF'G CO.

[17 Blatchf. 253; 4 Ban. & A. 583; 17 O. G. 625.] [1]

Circuit Court, S. D. New York. Oct. 29, 1879.

PATENTS—INFRINGEMENT—DAMAGES.

In this case, the report of the master as to the amount of damages sustained by the plaintiff, by the infringement of his patent, was set aside, on the ground that what he had reported as an established license fee was not shown to have been such.

[Cited in Matthews v. Spangenberg, 14 Fed. 351; Westcott v. Rude, 19 Fed. 833.]

[This was a suit in equity by Halbert S. Greenleaf against the Yale Lock Manufacturing Company.]

Edmund Wetmore and George T. Curtis, for plaintiff.

Frederic H. Betts, for defendant.

BLATCHFORD, Circuit Judge. The accounting in this case relates to the infringement of the first claim of the plaintiff's patent, in making and selling safe locks, and of the fourth claim, in making and selling bank locks. The master says: "The complainant has successfully prosecuted infringers of these claims, and, in one case, for infringement of the fourth claim, in the manufacture and sale of bank locks, a settlement was arrived at, and the infringer, one George Damon, of Boston, was licensed at $20 per lock. Several

suits against infringers of the first or 'key-changing tumbler' claim of this patent were also successfully prosecuted by complainant and settlement obtained. One of such infringers, Timothy J. Sullivan, of Albany, after settlement for past infringement, was granted a license under this patent and the patent granted to Lyman F. Munger, known as the Munger patent wheel, owned, or owned in part, by complainant, at a license fee of $500 per year for the privilege of making 75 locks per year, that is, $6 66 per lock, and, if he manufactured more than 75 locks in a year, he was to pay $10 per lock. Of the licenses granted by complainant under this and the Munger patent, two-thirds of the royalty received was allowed to the Munger patent and one-third to the Rosner patent, on which this suit is brought. Under this division of royalty, the license fee on bank locks, for the use of the Rosner patent, would be $6 66 per lock; and on the fire-proof safe locks, taking the smaller license fee of $500 a year, for 75 locks, $2 22 per lock. These licenses form, in my opinion, under the decision of the supreme court in Burdell v. Denig, 2 Otto [92 U. S.] 716, 719, the measure of damages which the complainant is entitled to recover from the defendant for its infringement of this patent. I, therefore, find that the complainant should recover from the defendant the sum of $6 66 per lock on 536 bank locks, $3,569 76, and $2 22 on 2,999 fire proof safe locks, $6,657 78 —in all, $10,227 54."

The defendant excepts to the finding that the settlements arrived at with Damon and Sullivan, or either of them, were any measure of the damages which the plaintiff should recover from the defendant, whereas the master should have reported that no established license fee was shown to have existed for the use of the plaintiff's invention, and that the damages could not be ascertained by reference to any license fee or settlement. The defendant also excepts to the report because the master reports the sum assessed as damages, notwithstanding the fact that the master has not found or reported that the plaintiff had any established license fee or fees for the use of the patented invention, and notwithstanding the fact that it was conceded that the settlements upon which his finding was based were exceptional cases, unlike, and inapplicable to, the case, or the situation and condition, of the defendant, and notwithstanding the fact that the plaintiff himself testified that he had no established license fee and never intended to establish one, and notwithstanding the fact that the alleged settlements on which the said finding is based were manifestly inapplicable to the case of the defendant, or any rule of damage. It further excepts to the report for that the rule and amount of damage derived from following the exceptional settlements upon which it is based, give to the plaintiff more than his actual damage; and for that the prices and amounts imposed upon the defendant, by fol-

1 [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 4 Ban. & A. 583, and here republished by permission.]

lowing said exceptional settlements, are plainly extravagant and ruinous, and more than the actual damage of the plaintiff, and impossible to have been realized or received by the plaintiff as license fees from such a business as the defendant's, and impossible to have been paid in the course of business by the defendant; and for that the master erred in reporting that the sum of $10,227 54, or any other sum, should be recovered by the plaintiff from the defendant; and for that the master erred in not reporting that no profits and no damages were shown.

I think that the defendant's exceptions must be allowed and the report set aside, and the case be referred back to the master, for further consideration and report, either with or without additional evidence, as he may determine. The evidence does not show that any established license fee was proved in respect to either of the devices. The report is not on the basis of profits. It is on the basis of damages. The amount awarded seems to me to exceed the actual damage, on any fair view of the case. The views set forth in Black v. Munson [Case No. 1,463] show, that, on the evidence in this case, no fixed and established license fee can be held to have been proved by the plaintiff, or any fee which can be properly taken as a measure of the actual damage sustained by the plaintiff.

[NOTE. There was a decree overruling both plaintiff's and defendant's exceptions to the master's report, and the cause sent back for further consideration. Upon the master's second report, judgment was given for complainant for $2,968.16, with interest from February 15, 1879, and $184 costs. From this decree an appeal was taken to the supreme court, where it was reversed (Mr. Justice Wood delivering the opinion) upon the ground that the first claim of the complainant was anticipated by the application and specification of one D. S. Rickards, of Boston, and by the locks manufactured by Evans & Watson, of Philadelphia, and that it is therefore void. 117 U. S. 554, 6 Sup. Ct. 846.]