MATTHEWS *v.* SPANGENBERG.

(*Circuit Court, S. D. New York.* December 4, 1882.)

PATENT—COMPROMISES WITH INFRINGERS—DAMAGES.

No price is fixed or royalty established where a patentee, in compromising and settling with those who have infringed his patent, varies his price according to the courage or ability to resist of such infringers, or where there are other circumstances showing the absence of a fixed and established fee.

*Briesen & Betts,* for complainants.

*Phillip Hathaway,* for defendant.

WALLACE, C. J. The exceptions to the master's report present the single question whether, upon the proofs, the complainant established any damages to which he is entitled by reason of the defendant's infringement of his patent. To prove damages the complainant relied upon showing the license fee received by him for the use of his

invention. The proofs show five instances in which he received compensation for the violation of his patent, but nothing is shown to fix an established royalty for its use.

In March, 1881, the complainant obtained a decree against one Gee, a manufacturer of structures embodying complainant's invention, in which the damages, profits, and costs of suit were settled by agreement of the parties. Subsequently settlements were made with five other infringers who had purchased their structures of Gee. As the master finds: "In each instance the alleged licensee was an infringer, and with the exception of Dickinson suit had been brought against each of them, and the settlement was not only for future use, but included all past damages and a discontinuance of the suits. In only two instances was there any actual payment to the complainant, and a formal license granted to continue the use of the infringing apparatus. Of the remaining three, two settled by surrendering their infringing apparatus to complainant and purchasing others in place thereof from him, and one simply turned over the infringing machine to complainant in settlement of all past damages." In the two instances where there was an exchange of apparatus with the complainant, the apparatus received by the infringers in the exchange embodied other patented inventions of the complainant besides the one in suit. In the instances where there was a money settlement, different amounts were paid by the infringers; one paying $200, and the other paying $250.

It is quite impossible from the proof to ascertain what was estimated as the basis of royalty for future use or as damages for previous use, what was allowed for costs, and what by way of compromise. Everything is left to conjecture and speculation, except the fact that there was a recognition of liability to the complainant for the unlawful use of his invention. The master fixed the complainant's damages at a nominal sum. In this there was no error. As was said by Mr. Justice HUNT in *Black* v. *Munson,* 14 Blatchf. 268: "No price can be said to be fixed or royalty established where the patentee varies his price according to the courage or ability to resist of the infringer, or where there are other circumstances showing the absence of a fixed and established fee." To the same effect, also, is *Greenleaf* v. *Yale Lock Manuf'g Co.* 17 Blatchf. 253,

The exceptions are overruled