### WESTCOTT and others *v.* RUDE and others.

*(Circuit Court, D. Indiana.* April 1, 1884.)

1. PATENTS FOR INVENTIONS—ACCOUNTING BEFORE MASTER—EVIDENCE.
   In an account before a master, evidence of payments for past infringement, for the purpose of ascertaining the amount which should be paid by the defendant, is incompetent. To admit it is contrary to the maxim, *Inter alios acta*, etc.

2. SAME—SALE OF LICENSES—MEASURE OF DAMAGES.
   When the sale of licenses by the patentee has been sufficient to establish a price for such licenses, that price should be the measure of his damages against an infringer; but a royalty or license fee, to be binding on a stranger to the licenses which established it, must be uniform.

3. SAME—SINGLE LICENSE—MARKET PRICE.
   Proof of a single license is not sufficient to establish a market price.

4. SAME—SEVERAL CLAIMS—ROYALTY.
   In respect to two or more claims in a patent, each of value and distinct from the other, one cannot equal both or all in value, any more than, in mathematics, a part can equal the whole. A licensee may, if he choose, bind himself to pay the same price, whether he use the entire invention or a part only; but at the same time he acquires the right to use all, and so his agreement may not be unreasonable; but if, as against an infringer, such a license can have any force, reasonably, it must be in the way only of establishing a royalty for the entire invention.

Exceptions to Master's Report.

*H. C. Fox* and *Wood & Boyd,* for complainants.

*Stem & Peck,* for defendants.

WOODS, J. The exceptions filed are numerous, but, passing by others, the court will consider only those which bring into question the measure of the damages assessed. Upon this point the master says: "Plaintiffs waive all claims for profits, and rely upon the proofs produced as establishing a fixed license or royalty as the measure of damages;" and, after giving an abstract of the testimony of the four witnesses who were examined on the subject, the report proceeds to say:

"It is very difficult to determine from this evidence whether it makes proof of such an established royalty or license fee as furnishes a criterion upon which to estimate complainant's damages. The owner of a patent is granted a monopoly. He may choose to reserve the right to use his invention exclusively to himself, and to make and sell machines, keeping all other manufacturers out of competition. He may enjoin infringers. He has the right to fix a reasonable license fee or royalty to be paid by manufacturers who use his invention in making machines. And if fixed and reasonable, and paid

by those who use the invention, such fee or royalty is a criterion upon which a computation or assessment of damages may be based. It is proved that the Wayne Agricultural Company paid the royalty of $1 for one-horse machines, and $2 for two-horse machines, for four years; a sum which, in the absence of evidence to the contrary, may be regarded as reasonable. Mast & Co. paid between $2,000 and $3,000 in cash, and conceded privileges, which Westcott estimates to have been worth as much more, for infringement. It is true, Westcott threatened suit, and, when money is paid under threat of suit merely as the price of peace, it furnishes no evidence of the amount or value of the real claim in dispute, but the settlement made shows that Westcott was paid something substantial for the infringement, and that the fear of litigation was a small element of the settlement itself. Westcott says that he arrived at the amount by his estimate of the number of the machines made by Mast & Co., and other considerations which are explained in Mast's deposition. Mast says no estimate was made of the number of machines. Westcott says he gave licenses, like the one attached to his deposition, to Mast & Co. and to English & Over. Mast was examined, but not interrogated on that point. Mr. English, the active man in the firm of English & Over, says he does not recollect whether they took a license or not.

"It is with considerable reluctance that I have come to the conclusion that the evidence furnishes proof of a license fee, which may be taken as a basis for damages. The defendants have undoubtedly infringed complainants' invention; and the machines made by them, which are mentioned in the evidence, were all made after this suit was brought. As to the point made, that the evidence does not show how many of the machines made by defendants infringed one and how many infringed both claims of plaintiff, the master is of the opinion that the terms of the license were the same in either case, and the same fee was charged whether one or more claims were infringed. I therefore report and find that the defendants have made and sold 800 infringing one-horse machines, and that plaintiff's damages on that account are $800, and that defendants have made and sold 800 infringing two-horse machines, and that plaintiff's damages on that account are $1,600, making $2,400, his damages in full."

The clause in the license referred to by the master is of the following tenor:

"*Third.* The party of the second part agrees to pay two dollars as a license fee upon every two-horse drill or seeder, and the sum of one dollar on every one-horse drill or seeder, manufactured by said party of the second part, containing any of the patented improvements; provided, that if the said fee be paid upon the days provided herein for semi-annual returns, or within ten days thereafter, a discount of fifty per cent. shall be made from said fee for prompt payment."

There is probably no reason to question the general principles enunciated by the master in respect to the rights of patentees in their inventions; but the court does not concur, in all respects, with the master's application of them in this case, nor with the conclusion reached. Some of the facts found are not, in the judgment of the court, supported by the evidence. Some items of evidence were considered by the master, which, in the opinion of the court, were not admissible, and which, therefore, should have been allowed no weight whatever.

In respect to the royalty paid by the Wayne Agricultural Company, Westcott, the only witness to the point, testified this:

"The licensees to whom these licenses were given paid the fees as stipulated. The Wayne Agricultural Company paid for four years, since which time they have paid nothing, their excuse being that they claimed to have bought an interest in the patent. We sued them in this court, and, the court decided that they had no title to the patent, and then they agreed to arbitrate with us and the suit was dismissed."

This evidence does not show the payment of fees as stated by the master. It is left uncertain whether or not the fees paid "for four years" were at the rate of one and two dollars for a machine, or 50 per cent. of those sums. The fair inference, perhaps, is that the Wayne Agricultural Company did for four years manufacture drills under the license, though it is not entirely clear that the license was not issued after or near the close of that period, so as to make the transaction in reality a settlement for infringements. This is certainly so in respect to the other parties named, who, if they received licenses at all, which is doubtful, received them as evidence of settlements, and these settlements, it is shown, were made either under express threats, or the fear, of suits for infringement. If for a time the Wayne Agricultural Company made the drills under a license, the manufacture was afterwards continued under a different claim of right, and when that claim had been overruled by the court, instead of settling for the infringement on the terms of the license, the company obtained an arbitration, the result of which has not been shown.

The first inquiry is, whether or not the proof in respect to payments for infringements was admissible, and ought to have been considered by the master at all. I know of no case in which it has been decided that such evidence is competent, and, upon principle, am not able to see how it can be; on the contrary, it seems to me clear that it ought not to be received. Proof of license fees, charged and paid before use for the right to use an invention, is admissible upon the same theory that proof of sales in open market of any marketable commodity is competent; because it shows, or tends to show, a market price. But settlements for past use of an invention cannot be brought within the rule, because inconsistent with the principle on which the rule rests. The infringer, or one who is accused of infringement, is, from the necessity of the situation, under compulsion to make compensation as demanded, or to take the risk of a suit; and how much his action, in a particular case of settlement, may have been influenced by this or other special considerations, it is impossible for the master or the court to determine, and therefore the inquiry should not be entered upon. The only way to escape the inquiry is to exclude the evidence. To admit it is contrary to the maxim, *Inter alios acta,* etc. It involves an attempt to resolve one doubt or difficulty by another. *Litem lite solvit.* There are doubtless reported cases in which it appears that such evidence was received and considered, but generally this has been done without objection, and uniformly (so far as I know) without a judicial declaration

or decision that it was proper. In the opinion of the supreme court in *Packet Co* v. *Sickles*, 19 Wall. 611, the rule is reaffirmed as laid down in *Seymour* v *McCormick*, 16 How. 480, "that in suits at law for infringement of patents, when the sale of licenses by the patentee had been sufficient to establish a price for such licenses, that price should be taken as the measure of his damages against the infringer." "The rule thus declared," it is added, "has remained the established criterion of damages in cases to which it was applicable ever since;" and further on in the opinion it is said, and it affords a clear interpretation of the rule in respect to the point now mooted: "In such a case nothing is more reasonable than that the price fixed by the patentee for the use of his invention, in his dealings with others, and submitted to by them before using it, should govern." This, it is true, is the rule at law, but the complainants, waiving their right in equity to claim an account of profits, have invoked the same rule here, and must abide by it as it is. See, also, *Black* v. *Munson*, 14 Blatchf. 268; *Greenleaf* v. *Yale Lock Manuf'g Co.* 17 Blatchf. 253; 3 Suth. Dam. 601–607; 1 Greenl. Ev. § 174; Whart. Ev. 1199; Abb. Tr. Ev. 188, 189; *Matthews* v. *Spangenberg*, 14 FED. REP. 350. It follows that the proof of damages made in this case, excepting that in reference to the license granted to the Wayne Agricultural Company, must be rejected, and should have been disregarded by the master; and, this being done, does there remain evidence sufficient to support the master's conclusion? It seems probable that the master himself would have thought not; since, as it was, he came to that conclusion "with considerable reluctance."

The rule, as already stated, requires "a sale of licenses" "sufficient to establish a price for such licenses." "A royalty, in order to be binding on a stranger to the licenses which established it, must be a uniform royalty." Walk. Pat. 390. These and the like expressions and definitions found in the cases and text-books, imply that proof of a single license is not sufficient; and if under some circumstances such proof might be deemed adequate, that in this instance is not of such clear and unequivocal character as to give it such weight. *Proctor* v. *Brill*, 4 FED. REP. 415; *Judson* v. *Bradford*, 3 Ban. & A. 539; *Black* v. *Munson*, 2 Ban. & A. 623. It is true, in a sense, doubtless, that the owner of an invention has a right to fix his price upon it; but to constitute evidence against an infringer he must have done it "in his dealings with others," and not merely in a form of license which he was willing to grant. It is, as it appears to me, entirely inadmissible, at law or in equity, that a patentee may, by inserting in his licenses a stipulation for a certain royalty, with a proviso that half that sum shall be received in full, in case of prompt payment, acquire a right to demand the entire sum of an infringer. If he can arbitrarily make such a discrimination, he may as well make the ratio three to one, or in any other proportion. The question is, what is a reasonable royalty? The laws of the land fix the rates of interest for

the forbearance of money, and if it be possible to make a discrimination against infringers of patents over prompt-paying licensees greater than lawful interest, (except as may be done by the courts under the statutory provision for treble damages,) it must be done, as it seems to me, upon some competent evidence, other than an arbitrary clause in a license or licenses, however many of them may have been issued.

The same may be said in reference to the clause in the license which requires that the specified royalty shall be paid for every drill "containing any of the patented improvements." This, as it seems to me, affords no proof, certainly not conclusive proof, against an infringer that he should pay the entire royalty named in the license for infringing only one of two or more claims of a patent, unless the one infringed be shown to be the only claim which has or had any value, or unless the different claims be substantially the same.

In respect to two or more claims in a patent, each of value and distinct from the other, one cannot equal both or all in value any more than in mathematics a part can equal the whole. The licensee may, if he choose, bind himself to pay the same price, whether he use the entire invention or a part only; but at the same time he acquires the right to use all, and so his agreement may not be unreasonable; but if, as against an infringer, such a license can have any force, reasonably, it must be in the way only of establishing a royalty for the entire invention. This view is in accordance with authority.

In *Birdsall* v. *Coolidge*, 93 U. S. 64, it appears that the alleged infringement was of one only of three claims in the letters patent, and the court says: "Still it is obvious that there cannot be any one rule of damages prescribed which will apply in all cases, even when it is conceded that the finding must be limited to actual damages. * * * Where the patented improvement has been used only to a limited extent and for a short time, * * * the jury should find less than the amount of the license fee." See, also, *Proctor* v. *Brill, supra; Wooster* v. *Simonson*, 16 FED. REP. 680; *Ruggles* v. *Eddy*, 2 Ban. & A. 627.

Without further evidence, the plaintiff is entitled to nominal damages only; but, that there may not be a failure of justice, the case is remanded to the master, with direction to admit further evidence by each party, if offered, and to report the same and his conclusions.